**E-FILED**

12-24-2020, 08:00
Scott G. Weber, Clerk
Clark County

## IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

## FOR THE COUNTY OF CLARK

| | |
|---|---|
| **CHRYSTAL REED**, an individual,<br>      **Plaintiff,**<br><br>  v.<br><br>**SHIN-ETSU HANDOTAI AMERICA INC.,**<br>a foreign corporation, *dba* SEH America,<br>      **Defendant.** | **Case No. 20-2-02464-06**<br><br>**SUMMONS (20 days)** |

**TO SHIN-ETSU HANDOTAI AMERICA INC.:** A lawsuit has been started against you in the above-entitled court by Chrystal Reed. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons. In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what she asks for because you have not responded. If you serve a notice of appearance on the undersigned person you are entitled to notice before a default judgment may be entered. Any response or notice of appearance which you serve on any party to this lawsuit must also be filed by you with the court within 20 days after the service of summons, excluding the day of service. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to Rule 4 of the Civil Rules for Superior Court of the State of Washington.

David A. Schuck, WSB 37285
dschuck@wageclaim.org
Attorney for Plaintiff
208 E 25th Street
Vancouver, WA 98663
Telephone Number: (360) 566-9243

DATED:  December 23, 2020.

Summons - Page 1

**SCHUCK LAW, LLC**
**208 E 25th Street • Vancouver, WA 98663**
**Tel (360) 566-9243 • Fax (503) 575-2763**

20.

E-FILED

12-24-2020, 08:00
Scott G. Weber, Clerk
Clark County

**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON**

**FOR THE COUNTY OF CLARK**

| | |
|---|---|
| **CHRYSTAL REED**, an individual,<br><br>**Plaintiff,**<br><br>v.<br><br>**SHIN-ETSU HANDOTAI AMERICA INC.,**<br>a foreign corporation, *dba SEH America,*<br><br>**Defendant.** | Case No.  20-2-02464-06<br><br>**COMPLAINT (Unlawful Employment Discrimination)**<br><br>**Jury Trial Requested** |

COMES NOW the plaintiff Chrystal Reed, by and through the attorneys at Schuck Law LLC, and for her complaint against Defendant alleges as follows:

## I.   PARTIES

1.    Plaintiff Chrystal Reed is an individual who at all times material resided in Clark County, Washington.

2    Defendant Shin-Etsu Handotai America Inc. (*dba,* and hereinafter, "SEH America" or "SEH"; or "Defendant"), is a foreign corporation licensed and authorized to do business in the state of Washington and which is doing business in Clark County.

## II.   JURISDICTION / VENUE

3.    Plaintiff was employed in  Clark County, Washington; and all acts complained of affecting her employment and giving rise to this litigation occurred in Clark County,

---

Complaint - Page 1
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1   Washington; and subject matter jurisdiction, personal jurisdiction, and venue are properly

2   before this Court.

3       **III.   INTRODUCTION AND FACTS COMMON TO CLAIMS**

4   4.     Defendant SEH America and its purported parent company, SEH Ltd., hold

5   themselves out as the world's largest manufacturer / producer of semiconductor silicon

6   wafers, which are used in computer circuits.

7   5.     Plaintiff is currently employed by Defendant as Receiving Supervisor, where she has

8   consistently met and well exceeded Defendant's demands and requirements for a supervisor-

9   level position.

10   6.     Defendant originally hired Plaintiff in 2007 in a lower-level position of senior operator

11   / production technician in its manufacturing operations.

12   7.     At the time of hire, Plaintiff sought a Supervisor role as she already possessed

13   significant relevant experience, but Defendant told her she was not eligible because she had

14   not yet received her Associate's degree.  Plaintiff was, at that time, mere weeks away from

15   completion of her Associate's; and as set out herein, Defendant routinely places men with no

16   college degrees in roles of Supervisor or above.  Nonetheless, for Plaintiff it was a barrier to

17   entry, and so she was hired into the lower senior operator position.

18   8.     Very promptly, Plaintiff excelled in her position and was given additional

19   responsibility.  Equally promptly, Plaintiff began suffering the effects of Defendant's ongoing

20   and systemic sex discrimination in her pay and opportunities, all as set out herein.

21   9.     Shortly after her hire in 2007, Defendant assigned Plaintiff the title and responsibilities

22   of Team Lead.  While the Team Lead position ordinarily includes a pay raise, Defendant did

23   not pay Plaintiff the raise.

24   10.    Plaintiff was the only female Team Lead in her department at that time.  To her

25   knowledge, all the other Team Leads were male and all the male Team Leads received a pay

26   increase along with the Team Lead position.

Complaint - Page 2
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1    11.    When Plaintiff inquired and complained about the failure to pay the raise for the Team

2    Lead position, Defendant's management gave her evasive answers such as that they were

3    "working on it," but did not correct the issue.  As set out herein, such evasiveness would

4    become a clear pattern whenever Defendant was confronted with its inequities in pay and

5    opportunities that specifically disadvantage its women employees.

6    12.    Plaintiff continued to excel in her work and was again given increased responsibility

7    in 2008, with a minor promotion to Shift Coordinator.

8    13.    Plaintiff continued to excel in her work and, after a competitve application process,

9    was selected for promotion in 2010 to a Production Supervisor position.  This was the type of

10   position Plaintiff had originally sought in 2007, but Defendant told her she was not eligible

11   because at that time she still had a few weeks remaining before completion of her Associate's

12   degree.

13   14.    "Supervisor" is the lowest level of the supervisory- or managerial-level jobs discussed

14   further herein.  Above Supervisor in position and pay is Senior Supervisor; above that,

15   Manager, and above that, generally, Vice President.  Defendant has many Supervisor, Senior

16   Supervisor, Manager, and Vice President positions.  Plaintiff understands that Defendant also

17   has one person with the title of "Director," which she further understands to be, as a matter of

18   "rank" within Defendant's management hierarchy, above Manager but below Vice President.

19   15.    All of Defendant's Senior Supervisors are men.  All but two of its Managers are men,

20   and one of the two women has a non-supervisory "Manager" role.  All of its Vice Presidents

21   are men.  Its Director and its Executive Vice President are also men.

22   16.    As described further herein, in practice the distinction between the above titles and pay

23   grades is often not job duties or scope of responsibility, but rather they are a mechanism used

24   by Defendant to provide greater opportunity and pay to men than it affords to women.

25   17.    Defendant's ultimate and key decisionmakers on matters of pay and promotion such as

26   those affecting Plaintiff are all men.

Complaint - Page 3
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1    18.    At the time of her promotion to a Supervisor position in 2010, Plaintiff held an

2    Associate's Degree.  When promoting Plaintiff to Supervisor, Defendant further informed

3    Plaintiff that she would not be considered eligible for any higher-level promotion until she

4    completed a Bachelor's degree.

5    19.    As was true of her Associate's at the time of hire, Plaintiff was not far from

6    completing the degree Defendant demanded for advancement to a higher-level position.  The

7    following year, 2011, she completed her Bachelor's in business with a science-based focus.

8    Plaintiff later went on to earn a science-focused MBA degree, which she completed in 2016.

9    20.    After completing her Bachelor's degree, Plaintiff continued to inquire with her

10   managers and superiors about further opportunities for advancement.  Defendant consistently

11   told her it had no positions available.

12   21.    However, as set out herein, Defendant routinely finds or creates new positions in order

13   to provide advancement opportunities and greater pay to men that it denies to women –

14   including women such as Plaintiff who perform the same or highly comparable tasks and who

15   fulfill all Defendant's requirements for a higher-level position and / or for greater pay.

16   22.    As also set out herein, Defendant routinely finds or creates such positions for male

17   employees even when those male employees do not meet the qualifications and criteria that

18   Defendant itself puts forth for the position, and although Defendant enforces those same

19   qualifications and criteria strictly against women applicants and / or candidates.

20   23.    In the ten years since her 2010 promotion to Production Supervisor, Plaintiff has not

21   been promoted to a level above Supervisor, although she is qualified for and has sought a

22   higher-level position and although she currently performs the tasks of a higher-level position,

23   and although less-qualified and less-experienced men have been promoted above her.

24   24.    As described herein, Defendant fails and refuses to promote women to positions above

25   Supervisor, despite their qualifications, and even when – as in Plaintiff's case – Defendant

26   demands that the female employee routinely perform higher-level work.

Complaint - Page 4
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1    25.    Plaintiff continued to excel in her Production Supervisor position. Nonetheless, in

2    2013, Defendant approached Plaintiff and informed her that it intended to transfer several

3    women, including Plaintiff, into positions as "schedulers." Plaintiff objected that such a

4    transfer was an effective demotion in responsibilities and in opportunities for further

5    advancement.

6    26.    Unwilling to be demoted into a "scheduler" role, Plaintiff then applied for two open

7    positions with Defendant. One was a different Production Supervisor / Senior Supervisor

8    position. Senior Supervisor is a step above Supervisor in title and pay, and Defendant's job

9    posting stated that the difference in pay and title would be determined by whether the

10    successful applicant possessed a college degree and relevant experience. Plaintiff had both.

11    The other position was a newly-created position of Asset Removal Specialist. This latter

12    position was one of responsibility for the inventory, tracking, repurposing, recycling, sale, and

13    disposal of Defendant's unused or outmoded industrial equipment, its hazardous and

14    regulated chemicals and wastes, and its valuable materials used in production (such as gold

15    and other costly metals).

16    27.    This was the last time Defendant posted an open application process for any potential

17    opportunity for a Senior Supervisor role, although it has since awarded several Senior

18    Supervisor and even Manager titles and pay raises to men without any application process or

19    competitive hiring process.

20    28.    At the time she applied for these two positions in 2013, Plaintiff possessed the

21    required Bachelor's degree that Defendant claimed would distinguish a Senior Supervisor

22    from a Supervisor; and she had already held a Production Supervisor position with Defendant

23    for three years and performed well in that role. She also possessed unique skills and

24    qualifications for the Asset Removal position, which Defendant has acknowledged. These

25    include a knowledge of environmental regulations and best practices that is of essential

26    benefit to Defendant for a job charged with the management of its hazardous and regulated

Complaint - Page 5
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1    wastes and materials.

2    29.    Defendant ultimately selected Plaintiff for the Asset Removal role.

3    30.    Despite the substantial scope of responsibility assigned to her and the fact that she met

4    all of Defendant's criteria for Senior Supervisor title and pay, Defendant placed Plaintiff in

5    the Asset Removal position at the Supervisor level, the same as the Production Supervisor

6    position that Plaintiff had already held.

7    31.    Defendant employs absolutely no women as Senior Supervisors.  All its Senior

8    Supervisors are men.

9    32.    To Plaintiff's knowledge, Defendant also followed through with its 2013 plan to

10   demote other women employees into diminutive "scheduler" roles – and to Plaintiff's

11   knowledge, some are still stuck there.

12   33.    By this time, Plaintiff was further beginning to to take note of Defendant's pattern of

13   offering promotions and substantial pay raises – sometimes into newly-created job titles – to

14   male employees, virtually always without a job posting for an open position or any kind of

15   competitive hiring process.  Defendant never offers these opportunities to women.  Indeed,

16   each time Plaintiff inquired about opportunities for further advancement, she was told she'd

17   need to wait for Defendant to advertise an open position and then apply and compete for it.

18   34.    Also in 2013, Defendant created a new Production Supervisor position, which it gave

19   to a male employee with no previous supervisory experience and who did not hold a

20   Bachelor's degree or any advanced degree.  Within about two years, Defendant advanced that

21   man to a Senior Production Supervisor position, without any posting of an available job or

22   any competitive hiring process.

23   35.    By contrast, when Plaintiff applied for a Senior Production Supervisor position in

24   2013, she already possessed three years of supervisory experience for Defendant and held a

25   Bachelor's degree.  In 2015, when this male employee was given a Senior Supervisor title and

26   pay raise, Plaintiff possessed five years of supervisory experience – three specifically as a

Complaint - Page 6
Case No.  20-2-02464-06

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1    Production Supervisor – compared to this man's two years of experience. Although she

2    possessed both more experience and more education than the male employee who was given a

3    Senior Supervisor promotion and pay raise, Plaintiff was not then, and still has not been,

4    given the Senior Supervisor title and pay raise, nor even any opportunity to compete for it.

5    36.      While Defendant awarded the above individual the higher Senior Supervisor title and

6    pay raise without any application or competitve process, Plaintiff has consistently been told –

7    and continued to be told – that she must wait for an open posting and compete for it.

8    37.      Defendant did not then, does not now, and to Plaintiff's knowledge never has

9    employed any women as Senior Supervisors.

10    38.      In 2015, Defendant also awarded another male employee another Senior Supervisor

11    title and pay raise, and awarded two more men the title and pay raise of Production Manager,

12    a step above Senior Supervisor and two steps above Supervisor. Again, Defendant did all this

13    without any posting of an available job or any competitive hiring process. One of those men

14    was hired at the same time as Plaintiff, who was still then (and still is) only at the Supervisor

15    position level.

16    39.      Defendant has argued and admitted that the male employee to whom it awarded a

17    Senior Supervisor title and pay raise in 2015 has a substantial overlap of duties and spheres of

18    responsibility with that of Plaintiff, yet it denied and continues to deny Plaintiff the

19    commensurate title and pay.

20    40.      In 2016, Defendant again awarded Senior Supervisor and Manager titles and pay

21    increases to yet two more male employees, and yet again without any posting of an available

22    job or any competitive hiring process. To Plaintiff's knowledge, neither man possesses any

23    college degree, although Defendant told Plaintiff that an absolute requirement for a promotion

24    to Senior Supervisor or above was that the applicant hold, at minimum, a Bachelor's degree.

25    41.      Also in 2016, as Defendant was internally awarding greater promotions and pay raises

26    to male employees with no degrees as set out above, Plaintiff completed her MBA with a

Complaint - Page 7
Case No. 20-2-02464-06

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

ATTACHMENT A
Page 8 of 21

1  science-related focus.

2  42.    To Plaintiff's knowledge, none of Defendant's Senior Supervisors or Managers hold

3  an advanced degree except one, who Defendant has characterized as having a particularly

4  specialized and technical position.

5  43.    Throughout this entire time period, Plaintiff continued to ask her managers and

6  superiors about opportunities for advancement to Senior Supervisor and above. Each time,

7  Plaintiff was rebuffed and told that she must wait for an open posting and compete for it.

8  44.    Beginning in or around 2017 and 2018, two "management-level" employees began to

9  require increasing amounts of leave from work due to personal and / or health reasons. These

10  were Warehouse Supervisor Gary Moe, and Purchasing Manager Penny Bohanan.

11  45.    Plaintiff worked closely with both these individuals and reported to Ms. Bohanan for

12  some years. To her knowledge, Ms. Bohanan is one of only three women who Defendant has

13  ever advanced above the Supervisor level, although it has roughly two dozen Senior

14  Supervisor and Manager positions and perhaps more, as well as about a half-dozen Vice

15  President positions above Manager which are all held by men, and a Director and an

16  Executive Vice President position that are also both held by men.

17  46.    As both Mr. Moe and Ms. Bohanan needed to be increasingly absent, both relied on

18  Plaintiff to "cover," and ultimately to assume, their duties. Ms. Bohanan expressly wished to

19  train Plaintiff as her replacement for the higher-level Purchasing Manager position.

20  47.    Ms. Bohanan approached one of Defendant's all-male vice presidents to discuss a plan

21  to ultimately promote Plaintiff into the Purchasing Manager job. The Vice President

22  dismissed the idea, stating that "women need thick skin for management" and that Plaintiff

23  "didn't have thick enough skin."

24  48.    Plaintiff has since heard other women complain that they were also subjected to

25  similar sexist comments and criticisms on other occassions when Defendant's all-male upper

26  management was approached about promoting a woman.

Complaint - Page 8
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

49.    Defendant has since used similarly sexist and dismissive language toward Plaintiff in her complaints of sex-based discrimination, such as characterizing her complaints as "petty," and characterizing Plaintiff as "impatient" and "distraught" for raising those complaints.

50.    Frustrated at the gender-based obstacles to advancement, Plaintiff asked one of the three female Managers how she had secured a promotion to a role above Supervisor.  The Manager told Plaintiff that she had directly confronted Defendant's top-level management about Defendant's lack of diversity and its failure to promote any women into upper-level supervisory and management jobs.

51.    As Mr. Moe and Ms. Bohanan continued to increasingly need to be absent, Defendant increasingly relied on Plaintiff to perform many or most of their duties and expressly charged her with many such critical tasks, all in addition to her existing scope of duties as Asset Removal Specialist.

52.    In and around 2018 and 2019, both Mr. Moe and Ms. Bohanan found themselves unable to continue in their positions, and resigned.

53.    The very next day after Ms. Bohanan announced her resignation, Plaintiff contacted Defendant's management and / or human resources and asked to be considered for the position, for which she had been specifically trained, and many duties of which she was already being tasked with performing.  Again, she was rebuffed and given evasive answers.

54.    In response to the retirements of Mr. Moe and Ms. Bohanan, Defendant re-delegated the vast bulk of Mr. Moe's duties to Plaintiff, in addition to a substantial number of Ms. Bohanan's duties, all along with her existing duties as Asset Removal Specialist.

55.    Defendant argues and admits that a distinguishing factor between Supervisor and Senior Supervisor titles and pay is that Senior Supervisors oversee at least one functional department, and in some cases absorb duties from two pre-existing jobs.  Although Plaintiff has not observed this to always be true, she understands that Defendant puts this distinction forth, at least on paper.

Complaint - Page 9
Case No.  **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

56.     In re-delegating the vast majority of Mr. Moe's duties along with a sizable share of

Ms. Bohanan's duties to Plaintiff on top of Plaintiff's already-existing duties, Defendant

changed Plaintiff's title to Receiving Supervisor.  This is, again, at the same level of

management position – the lowest level, Supervisor – that Plaintiff has held since 2010.  This

is the level to which Defendant relegates women.

57.     Plaintiff protested that she met or exceeded all of Defendant's criteria for a Senior

Supervisor position and was being required to perform work at a Senior Supervisor or

Manager level, having absorbed the duties of multiple positions and being tasked with a wide

array of complex responsibilities including oversight of one or more departments.  Again, she

was rebuffed and relegated to the lower-level Supervisor title and pay, which she had held

since 2010.

58.     Defendant paid Mr. Moe, the former Warehouse Supervisor, substantially more than it

paid Plaintiff, who absorbed most of the Warehouse Supervisor's duties in addition to the

duties of her own Supervisor-level position and some of the duties of a Manager-level

position.

59.     Around this same time, Defendant promoted yet another male Supervisor to yet

another newly-created Senior Supervisor position, once again without any job posting for an

open position and without any application or competitive hiring process.

60.     Defendant has argued and admitted that it created the new promotion and pay raise for

the above male employee because he had worked closely with Ms. Bohanan or Mr. Moe or

both, and was being tasked with absorbing some of their duties.

61.     But the same is true of Plaintiff, who Ms. Bohanan had selected and trained to be her

replacement, and who was tasked to absorb virtually all of Mr. Moe's duties; yet, Plaintiff, a

woman, was again denied the advancement in title and pay although she performed fully

commensurate if not greater duties than her male colleague and had repeatedly requested

advancement.

Complaint - Page 10
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1    62.    Also in or around 2019, one of Defendant's two remaining female employees who held

2    a higher-level management position requested a lateral transfer in job duties and title, from

3    one Manager position to another, to which Defendant agreed.

4    63.    Along with transfering the above Manager to the position she desired, Defendant

5    created yet another brand-new Senior Supervisor position and once again awarded it to a male

6    employee without any job posting or competitive process.  This male employee had not even

7    ever held a lower-level Supervisor job for Defendant.

8    64.    Defendant's general job description for a Senior Supervisor requires a minimum of

9    five years' supervisory experience.  Plaintiff, at this point, had been working for Defendant as

10   a Supervisor for nine years.  The male employee upon whom Defendant bestowed the newly-

11   created Senior Supervisor promotion and pay raise had no experience as a Supervisor.

12   65.    Defendant approached Plaintiff about taking over this male employee's former job and

13   job duties.  Again, this was not proposed as any kind of a promotion.  Plaintiff declined.

14   66.    In early 2020, Defendant publicly posted an open application and competitive hiring

15   process for the position of Purchasing Manager, which Ms. Bohanan had vacated, and for

16   which Ms. Bohanan had trained Plaintiff as a replacement, and in which Plaintiff had already

17   expressed interest and a desire to take on the position, and many of the duties of which

18   Plaintiff already had performed and / or was continuing to perform.

19   67.    Although Defendant had awarded Senior Supervisor and Manager titles and pay raises

20   to quite a number of men, most or all without any open job posting or competitive process, the

21   Purchasing Manager job was the first time Defendant had posted an opening and advertised a

22   competitive process for a position above the Supervisor level since 2013 – the year Plaintiff

23   had applied for its last "open" Senior Supervisor jobs but was instead given the then-newly-

24   created Asset Removal position at the same Supervisor level of title and pay that she had

25   already held since 2010, and the same level of title she continued to hold despite having since

26   absorbed a great many additional duties at Defendant's command.

Complaint - Page 11
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1  68.  Plaintiff applied for the Purchasing Manager position for which the job's prior

2  occupant had trained her, and the duties of which she was already performing in part.

3  Defendant gave the position to an outside hire, who is male.

4  69.  Plaintiff, who remains a Supervisor, has since had to train the new male Purchasing

5  Manager, who is two levels above her in job title and general pay grade.

6  70.  Plaintiff also continues to perform many of the tasks and duties of the Purchasing

7  Manager position and to be delegated or assigned to perform those tasks, including by the new

8  Purchasing Manager.

9  71.  Defendant has required Plaintiff to report to several of the male employees who were

10  promoted above her, despite Plaintiff having greater experience, education, and qualification

11  than those male employees.

12  72.  Defendant, along with one or more of the male employees whom it promoted above

13  Plaintiff and to whom it required Plaintiff to report, has and have engaged in continuing

14  patterns of retaliation against Plaintiff ever since Defendant learned that Plaintiff intended to

15  pursue legal complaints against it.  These have included but are by no means limited to

16  undermining her authority over tasks and employees she supervises, diminishing her access to

17  necessary work tools and / or work areas, flat-out countermanding her instructions over areas

18  she supervises and / or permitting subordinate employees to do so, excluding her from

19  meetings and / or conversations with direct impact on areas she supervises and for which she

20  is responsible,  and imposing a vacation restriction policy that Defendant applied solely and

21  only to Plaintiff and in which it expressly referenced her vacation, and under which it

22  subjected Plaintiff and only Plaintiff to special restrictions that were not applied to any other

23  employees who took comparable vacations under similar conditions.

24  73.  On average, Defendant promotes men into Supervisor positions roughly twice as

25  quickly as it promotes women into those positions.  Phrased another way:  the time from hire

26  to promotion to a Supervisor position is for men about half that which it is for women.

Complaint - Page 12
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

74.     On average, Defendant promotes men into the higher-level Senior Supervisor positions more quickly than it promotes women to even the lower-level Supervisor positions. None of Defendant's Senior Supervisors are women.

75.     Plaintiff has often heard Defendant's employees, including various supervisory-level employees, refer to Defendant's all-male group of SeniorSupervisor and nearly-all-male group of Managers as a "good ol' boys' club" or similar words to that effect.

76.     Plaintiff has heard other female Supervisors complain that they are also assigned the tasks and responsibilities that Defendant asserts are characteristic of higher-level management positions, but they are denied the corresponding title and pay.

77.     Plaintiff has heard other female Supervisors complain that Defendant's upper management responds with sexist comments and critiques when approached about promoting a woman to a position above Supervisor.

78.     On average, Defendant pays its male Supervisors more than it pays its female Supervisors; and on information and belief, it pays most male Supervisors more than it pays Plaintiff for similar or even greater work.  On further information and belief, this sex-based pay discrepancy is also true of its male and female Managers, which to Plaintiff's knowledge is the highest-ranking position ever attained by any woman ever employed by Defendant.

79.     To Plaintiff's knowledge, only three women have ever attained a title above Supervisor or the pay raise that comes with such higher-level management positions within0 Defendant's business.  All of its Senior Supervisors are men.  All but two of its Managers are men.  All its Vice Presidents are men.  Its Director and its Executive Vice President are men.

80.     Plaintiff has complained to Defendant about its rapid advancement of multiple male employees as compared to its failure to advance any women, and about its failure to pay women – including herself – comparably with men of equal title and / or substantially similar scope of work and responsibilty.  Plaintiff has protested and objected to Defendant's unlawful practices and to its culture of discrimination.

Complaint - Page 13
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

81.     The explanations that Defendant has given Plaintiff for the rapid advancement of multiple male employees and the failure to advance any women rely on highly subjective criteria subject to both implicit and explicit bias, and which evidence a culture of discrimination just as Plaintiff complains.  To the extent that Defendant puts forth objective criteria for job positions or for advancement, it readily waives those criteria for men while strictly enforcing them against women, and / or claims to assign value to qualifications in male employees while discounting those same qualifications in women employees.

82.     There is no process at Defendant's business through which women can attain positions above Supervisor.  Defendant only advertises upper-level management positions when it seeks to deny such positions to well-qualified women employees, whereas it readily awards promotions and pay increases to men without application or competitive process.  Its policies and practices encourage sex-based bias in assessing and applying criteria for promotion.  To the extent it employs any objective criteria, it enforces them harshly against women but waives them for men, and it discounts the same qualifications in women employees that it ascribes value to in men.  Its job descriptions and promotion descriptions do not even reference equal employment opportunities.  Its decisionmaking is frequently based on gender stereotypes that disadvantage women.

83.     Plaintiff further understands that a number of women in Defendant's employ have made either formal or informal complaint of Defendant's culture and practice of sex-based discrimination.  Defendant is aware of the discrimination, and fosters and perpetuates it.

84.     The above-listed examples of Defendant's policy and culture of sex discrimination, and of its unlawful and discriminatory practices and conduct towards Plaintiff, are non-exhaustive.  Plaintiff reserves the right to raise additional facts and / or to amend her Complaint in accordance with the evidence and as continuing facts develop.

///

///

Complaint - Page 14
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

## IV.   CLAIMS

## CLAIM ONE: VIOLATIONS OF TITLE VII

### Sex Discrimination

85.    Plaintiff reasserts and incorporates by reference all paragraphs, as though fully set forth herein again.

86.    Defendant discriminated and continues to discriminate against Plaintiff in violation of Title VII of the Civil Rights Act, 42 USC 2000-e *et. seq.*, by paying her less than her male counterparts and colleagues with similar jobs, job titles, and / or responsibilities, for work performed under the same or similar circumstances.

87.    Defendant discriminated and continues to discriminate against Plaintiff in violation of 42 USC 2000-e *et. seq.* by denying her the title and pay commensurate with the work and responsibility it requires of her position.

88.    Defendant discriminated and continues to discriminate against Plaintiff in violation of 42 USC 2000-e *et. secq.* by denying her the title and pay commensurate with the work and responsibility of her male counterparts and colleagues with similar jobs and / or responsibilities, for work performed under the same or similar circumstances.

89.    Defendant discriminated and continues to discriminate against Plaintiff in violation of 42 USC 2000-e *et. seq.* by failing to advance Plaintiff to positions for which Plaintiff was better qualified than her male counterparts.

90.    Defendant has treated and continues to treat Plaintiff disparately and less favorably than her male counterparts and colleagues with respect to her wages, position, and other terms and conditions of employment.

91.    Defendant's policies, procedures, and practices have produced and continue to produce a disparate and disadvantageous impact on Plaintiff and other women with respect to wages, position, and other terms and conditions of employment.

92.    Defendant has denied and continues to deny Plaintiff equal terms, conditions, benefits,

Complaint – Page 15
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1 │ and privileges of employment, all because Plaintiff is a woman.

2 │ 93.     Defendant's unlawful and discriminatory practices and policies, and its unlawful and

3 │ discriminatory treatment of Plaintiff, have persisted throughout the course of Plaintiff's

4 │ employment with Defendant and are continuing through the present day.

5 │ 94.     Rather than putting a stop to its unlawful practices, Defendant has responded and is

6 │ continuing to respond to Plaintiff's complaints by retaliating against Plaintiff in a manner

7 │ intended to discourage Plaintiff from pursuing her legal rights and remedies and to punish her

8 │ for objecting to Defendant's unlawful sex discrimination.

9 │ 95.     Plaintiff has exhausted her administrative remedies and her Complaint against

10 │ Defendant is timely filed.

11 │ 96.     Plaintiff has sustained and continues to sustain damages as a result of Defendant's

12 │ discriminatory conduct.

13 │ 97.     Defendant's unlawful conduct has been and is deliberate, willful, malicious, and / or

14 │ conducted in reckless and callous disregard for the law and for Plaintiff's rights.

15 │ 98.     Plaintiff seeks all damages and remedies available to her pursuant to Title VII of the

16 │ Civil Rights Act, including damages in the form of all lost wages and compensation incurred

17 │ as a result of Defendant's continuing discriminatory conduct and its continuing violations of

18 │ the law; damages for her distress, inconvenience, and loss of opportunity; interest on all

19 │ amounts due her; costs and attorneys' fees; and punitive damages as authorized by Title VII.

20 │ **CLAIM TWO: VIOLATIONS OF WLAD**

21 │ **Sex Discrimination**

22 │ 99.     Plaintiff reasserts and incorporates by reference all paragraphs, as though fully set

23 │ forth herein again.

24 │ 100.    The acts and allegations set out herein constitute violations of the Washington Law

25 │ Against Discrimination (WLAD), RCW ch. 49.60.

26 │ 101.    Plaintiff has sustained and continues to sustain damages as a result of Defendant's

Complaint - Page 16
Case No.  **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1   discriminatory conduct.

2   102.    Defendant's unlawful conduct has been and is deliberate, willful, malicious, and / or

3   conducted in reckless and callous disregard for the law and for Plaintiff's rights.

4   103.    Plaintiff seeks all damages and remedies available to her pursuant to WLAD, RCW

5   ch. 49.60, including damages in the form of all lost wages and compensation incurred as a

6   result of Defendant's continuing discriminatory conduct;  damages for her distress,

7   inconvenience, and loss of opportunity; interest on all amounts due to her; costs and

8   attorneys' fees; and any other equitable or other remedy authorized by the Court and / or

9   available under Title VII, as allowed by WLAD.

10                  **CLAIM THREE: VIOLATIONS OF WA-EPA**

11              **Pay Inequity Based on Sex / Denial of Opportunity Based on Sex**

12   104.    Plaintiff reasserts and incorporates by reference all paragraphs, as though fully set

13   forth herein again.

14   105.    The acts and allegations set out herein constitute violations of the Washington Equal

15   Pay Act (WA-EPA), RCW ch. 49.58.

16   106.    Defendant has discriminated and continues to discriminate against Plaintiff on the

17   basis of sex in terms of compensation and opportunities, and denies her equal pay and / or title

18   to that of male employees who are similarly situated and perform similar work.

19   107.    Plaintiff has sustained and continues to sustain damages as a result of Defendant's

20   disriminatory conduct.

21   108.    Defendant's unlawful conduct has been and is willful.

22   109.    Plaintiff seeks all damages and remedies available to her pursuant to WA-EPA, RCW

23   ch. 49.58, including damages in the form of all lost wages and compensation incurred as a

24   result of Defendant's continuing discriminatory conduct;  damages for her distress,

25   inconvenience, and loss of opportunity; liquidated and / or statutory damages; interest on all

26   amounts due to her; costs and attorneys' fees; and any other equitable or other remedy

Complaint - Page 17
Case No.  **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1   authorized by RCW ch. 49.58.

2                    **CLAIM FOUR: UNLAWFUL RETALIATION**

3               **IN VIOLATION OF TITLE VII, WLAD, AND WA-EPA**

4   110.    Plaintiff reasserts and incorporates by reference all paragraphs, as though fully set

5   forth herein again.

6   111.    Defendant has engaged in continuing patterns of retaliation against Plaintiff ever since

7   Defendant learned that Plaintiff intended to pursue legal complaints against it.  These have

8   included but are by no means limited to undermining her authority over tasks and employees

9   she supervises, diminishing her access to necessary work tools and / or work areas, flat-out

10  countermanding her instructions over areas she supervises and / or permitting subordinate

11  employees to do so, excluding her from meetings and / or conversations with direct impact on

12  areas she supervises and for which she is responsible,  and imposing a vacation restriction

13  policy that Defendant applied solely and only to Plaintiff and in which it expressly referenced

14  her vacation, and under which it subjected Plaintiff and only Plaintiff to special restrictions

15  that were not applied to any other employees who took comparable vacations under similar

16  conditions.

17  112.    Defendant's retaliatory conduct displays its wilfullness, malice, spite, and reckless and

18  wanton disregard for Plaintiff's rights and for Plaintiff's equal opportunities and treatment in

19  her employment.

20  113.    Plaintiff has sustained and continues to sustain damages as a result of Defendant's

21  disriminatory conduct.

22  114.    Plaintiff seeks all damages and remedies available to her under Title VII, WLAD, and

23  WA-EPA due to her by reason of Defendant's retaliatory conduct, which may include but are

24  not limited to the right to seek injunctive relief for any continuing or escalating acts of

25  retaliation.

26  ///

Complaint - Page 18
Case No.  **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

## V.   <u>DAMAGES</u>

115.    Plaintiff is entitled to all lost wages and compensation incurred as a result of Defendant's continuing discriminatory conduct and its violations of Title VII, WLAD, and WA-EPA, in an amount to be determined by a jury at trial and after discovery is complete, but initially estimated at not less than $105,000.00.

116.    Plaintiff is entitled to damages for her distress, inconvenience, and loss of opporunity as authorized by Title VII, WLAD, and WA-EPA, in an amount to be determined by a jury at trial, but anticipated to be not less than $100,000.00.

117.    Plaintiff is entitled to all and any other actual damages, compensatory damages, and / or out-of-pocket expense reimbursement due to her as a result of Defendant's unlawful conduct and practices that are authorized by Title VII, WLAD, and WA-EPA, in amounts to be proven at trial.

118.    Plaintiff is entitled to punitive damages as authorized by Title VII, up to the maximum amount so authorized under Title VII and / or 42 USC 1981a.

119.    Plaintiff is entitled to liquidated and / or statutory damages as authorized by WA-EPA.

120.    Plaintiff is entitled to pre- and post-judgment interest on any and all amounts awarded.

121.    Plaintiff is entitled to her costs, disbursements, and attorney fees pursuant to Title VII, WLAD, and WA-EPA.

122.    Plaintiff is entitled to damages for the tax consequences of any damage award.

123.    Plaintiff reserves the right to seek any other available relief, including injunctive relief or other equitable relief as authorized by law.

124.    Plaintiff reserves the right to seek relief and remedies for any defense or counterclaim asserted by Defendant in bad faith and / or without foundation, including but not limited to any costs or fees incurred.

## VI.   <u>JURY DEMAND</u>

125.    Plaintiff requests trial by jury on all claims and all issues.

Complaint - Page 19
Case No. **20-2-02464-06**

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

ATTACHMENT A
Page 20 of 21

## VII.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for entry of judgment against Defendant for:

1.    All lost / unpaid wages;

2.    Further compensatory damages for Plaintiff's distress and / or expenses;

3.    Liquidated / statutory damages;

4.    Costs, disbursements, and attorneys' fees;

5.    Pre- and post-judgment interest;

6.    Tax consequences of any general damage award; and

7.    Any other relief deemed appropriate by the Court.

DATED:  December 23, 2020.

s/ Leslie E. Baze
LESLIE E. BAZE, OSB 103326, WSB 45781
lbaze@wageclaim.org
Attorney for Plaintiff

Complaint - Page 20
Case No. **20-2-02464-06**

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763